# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Marshall Fitzpatrick,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>Portfolio Recovery Associates, L.L.C.;<br>and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Civil Action No.: 1:15-cv-00949<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiff, Marshall Fitzpatrick, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Marshall Fitzpatrick ("Plaintiff"), is an adult individual residing in Coldwater, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Portfolio Recovery Associates, L.L.C. ("Portfolio"), is a Virginia business entity with an address of 120 Corporate Boulevard, Norfolk, Virginia 23502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

1

5.  Does 1-10 (the "Collectors") are individual collectors employed by Portfolio and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.  Portfolio at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7.  Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.  The Debt was purchased, assigned or transferred to Portfolio for collection, or Portfolio was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Portfolio Engages in Harassment and Abusive Tactics

11. Within the last year, Portfolio contacted Plaintiff in an attempt to collect the Debt.

12. In or around December 2014, Plaintiff told Portfolio that he could not pay the Debt because he had no savings and his only source of income was Social Security.

13. Portfolio responded that Plaintiff was a "deadbeat" for not paying the Debt.

14. Thereafter, Plaintiff spoke with "Christina Hopkins" on or about May 4, 2015.  At that time, Plaintiff explained to Ms. Hopkins that he was still unable to pay the Debt.

15. Ms. Hopkins responded that Portfolio would continue to call Plaintiff despite knowing that Plaintiff was unable to pay the Debt.

16. On or about May 18, 2015, Plaintiff asked Portfolio to cease calling him because he had hired an attorney.

17. Portfolio responded that Plaintiff should have the money to pay the Debt if he had the money to hire an attorney.

### C. Plaintiff Suffered Actual Damages

18. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

19. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with Plaintiff.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

24. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

26. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 20, 2015

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Marshall Fitzpatrick
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com